**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**HUSSEIN EBRAHIMI** **PETITIONER**

**V.** **Civil Case No. 5:26-cv-00531-DCB-BWR**

**R. VERGARA** **RESPONDENT**

**REPORT AND RECOMMENDATION**

Petitioner Hussein Ebrahimi ("Petitioner"), a native and citizen of Afghanistan, filed his pro se Petition [1] for writ of habeas corpus under 28 U.S.C. § 2241 on June 15, 2026, challenging his detention and seeking, *inter alia*, his immediate release from Immigration and Customs Enforcement's ("ICE") detention. Having considered the Petition [1] and Supporting Memorandum [2], the Response [6], and relevant law, it is recommended that the Petition be dismissed without prejudice because Petitioner's post-removal-period detention claim is premature under the framework set forth in *Zadvydas v. Davis,* 533 U.S. 678 (2001).

## I. BACKGROUND

In January 2025, Petitioner entered the United States without being admitted or paroled and was placed in removal proceedings. *See* Exs. B and D to Resp. [6-2] [6-4]. On September 16, 2025, an immigration judge ordered Petitioner removed from the United States to Afghanistan. *See* Ex. C to Resp. [6-3]. Petitioner appealed and the Board of Immigration Appeals ("BIA") summarily dismissed his appeal as untimely on December 3, 2025. *See* Ex. A to Resp. [6-1].

Petitioner filed his Petition on June 15, 2026, alleging the following grounds:

Ground One: "Unlawful Post-Order detention [in] violation of 8 U.S.C. § 1231(a)(6)"; Ground Two: "Violation of the Due Process of the Fifth Amendment to the U.S. Constitution"; Ground Three: "Failure to apply Supervision under § 1231(a)(3)"; and Ground Four: "Improper and unsupported charge of inadmissibility under INA § 212 (a)(7)(A)(i)(1)." Pet. [1] at 6-7, 10. Petitioner requests the Court to order his immediate release or an order of supervision, to order ICE to conduct a post-order custody review, and to prevent Respondent from re-detaining Petitioner "absent new, lawful authority and individualized findings." *Id.* at 12.

## II. DISCUSSION

28 U.S.C. § 2241 confers federal district courts "within their respective jurisdictions" the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241. The writ of habeas corpus is "available to every individual detained within the United States," including noncitizens. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).

"A district court has subject matter jurisdiction to hear an alien's Section 2241 petition challenging the lawfulness of his or her detention." *Wekesa v. United States Att'y*, No. 22-10260, 2022 WL 17175818, at *1 (5th Cir. Nov. 22, 2022); *see also Demore v. Kim,* 538 U.S. 510, 517 (2003) ("Section 1226(e) contains no explicit provision barring habeas review, and we think that its clear text does not bar respondent's constitutional challenge to the legislation authorizing his detention without bail."); *Imran v. Harper,* No. 25-30370, 2026 WL 93131, *1 (5th Cir. Jan. 13, 2026) ("[D]istrict

courts have subject-matter jurisdiction to review § 2241 petitions challenging the lawfulness of a noncitizen's detention . . . .").

Petitioner is detained under 8 U.S.C. § 1231, which provides that "the Attorney General shall remove the alien from the United States within a period of 90 days (. . . referred to as the 'removal period')[,]" during which time the alien shall be detained. 8 U.S.C. § 1231(a)(1)(A), (a)(2). "After that time elapses, however, § 1231(a)(6) provides only that certain aliens '*may* be detained' while efforts to complete removal continue." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (emphasis in original).

In *Zadvydas*, the Supreme Court applied the doctrine of constitutional avoidance and construed § 1231(a)(6) to mean that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." 533 U.S. at 699. "*Zadvydas* then concluded that six months was a presumptively reasonable period of detention, beyond the removal period, in which to effectuate deportation." *Tran v. Mukasey*, 515 F.3d 478, 482 (5th Cir. 2008) (citing *Zadvydas,* 533 U.S. at 702). "After that, the Court concluded, if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Jennings,* 583 U.S. at 299 (quoting *Zadvydas,* 533 U.S. at 701). "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701; *see also Hersh v. U.S. ex rel. Mukasey,*

553 F.3d 743, 757 (5th Cir. 2008) (observing that the presumptive six-month period established in *Zadvydas* begins after the 90-day removal period).

Petitioner's removal order became administratively final on December 3, 2025, when the BIA dismissed his appeal. *See* 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals . . . ."). While the 90-day removal period expired on March 4, 2026, the six-month period of presumptively valid detention following the removal period will not expire until September 4, 2026. Thus, Petitioner "has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*. Consequently, any challenge to his . . . post-removal-order detention is premature." *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011); *see also Zadvydas,* 533 U.S. at 701 ("*After this 6-month period*, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.") (emphasis added); *Andrade,* 459 F.3d at 543 ("*Zadvydas* thus created a '6-month presumption' of the validity of detention under § 1231, *after which* an alien could attack the reasonableness of his continued detention.") (emphasis added).

Respondent submits that Enforcement and Removal Operations ("ERO") officials are actively working to facilitate Petitioner's removal to Afghanistan. *See* Decl. of Supervisory Detention and Deportation Officer (SDDO) Downey, Ex. D to Resp. [6-4]. ERO New Orleans submitted the required travel packet and

transportation letter request to the Afghan Consulate in Qatar. *Id.* at ¶ 7. The transportation letter request was completed and submitted to the Afghan authorities on or about March 17, 2026, and has been confirmed as received. *Id.* Respondent further submits that a third country option of a removal to Brazil was considered in March 2026; however, in May 2026 the ERO Headquarters staff overseeing Brazilian removals advised that this was not a viable option due to Petitioner's family ties not being immediate family. *Id.* at ¶ 8.

In May 2026, a custody review was conducted on Petitioner's case and ERO decided to continue Petitioner's detention. *Id.* at ¶ 9. Further, in connection with Petitioner's 180-day post-order custody review by ERO Headquarters, Petitioner was interviewed by ERO New Orleans on or about July 5, 2026. Information from that interview was referred to ERO Headquarters and is under review. *Id.* at ¶ 10. Respondent submits that ERO New Orleans continues to follow up on the issuance of a transportation letter for Petitioner, and the transportation letter request was confirmed as pending on July 14, 2026. *Id.* at ¶ 11. The Declaration of SDDO Downey states that while no removal date has been arranged at this time, "ERO New Orleans continues to follow up with the Afghani diplomatic authorities via ERO Headquarters regarding the pending transportation letter and will continue to work towards Petitioner's removal from the United States." *Id.* at ¶ 12.

Finally, in Ground Four of his Petition, Petitioner claims he was improperly charged for violating INA § 212 (a)(7)(A)(i)(1), for not having valid entry documents. Pet. [1] at 6-7, 10-11; *see also* Removal Order, Ex. C to Resp. [6-3] at 3. Petitioner

claims that he submitted a valid Afghan passport and an Afghan National Identification document to the CPB Officer. Pet. [1] at 11. This Court is without jurisdiction to entertain a challenge to Petitioner's removal order. 8 U.S.C. § 1252(a)(5); *see Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011) ("[T]he district court did not have jurisdiction to review the final removal order pursuant to the provisions of the REAL ID Act.") (citing 8 U.S.C. § 1252(a)(5)); *Zamarripa-Torres v. Bureau of Immigr. & Customs Enf't*, 347 F. App'x 47, 48 (5th Cir. 2009) (stating that petitioner's "sole means of obtaining judicial review" of a final order of removal is "to file a petition for review in the appropriate court of appeals"); *Rosales v. Bureau of Immigr. & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005).

## III. RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition [1] be denied and dismissed without prejudice.

## IV. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

**SIGNED,** this 31st day of July, 2026.

s/ *Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE